Jacob Markowitz, J.
Eespondent seeks an order staying and limiting the arbitration proceedings heretofore instituted by claimant and, in substance, requests this court to direct the arbitrators to proceed only in a specified manner in that proceeding. The board of directors of the respondent association of automobile glass dealers voted to expel claimant from membership. Thereafter, pursuant to respondent’s by-laws, *264 and in accordance with a consent judgment entered in an antitrust prosecution brought by the United States against respondent, the arbitration proceeding was initiated. The arbitration clause contained in the by-laws provides that any member expelled ‘ ‘ who may feel aggrieved by such action may appeal from the decision * * * by submitting the question to arbitration The consent decree contained a provision requiring respondent, if it expelled a member, to “ notify the expelled member in writing of the specific grounds for such expulsion and, if the expulsion is for grounds stated in (3) above [for cause unconnected with such member’s competitive or pricing activities] shall, upon request of the expelled member, submit the justification for such expulsion to arbitration”. Based upon these clauses, respondent argues that the arbitrators are limited in their jurisdiction to solely an appellate sort of review of the actions of the directors; an approach the arbitrators have indicated, in preliminary argument before them, that will not be followed. The arbitrators have, rather, indicated that they will consider the expulsion de novo, and receive evidence and testimony thereon.
The instant dispute does not revolve, really, about the arbitrability of the subject matter of the dispute (Matter of Uddo [Taorimina], 21 A D 2d 402), but, rather, as to the procedures to be followed in the arbitration, although these different factors do merge into each other in the instant situation. This field, concerning procedures to be followed by the arbitrators, is one the courts are, traditionally, reluctant to enter. (See 8 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 7501.41.) Respondent has cited no authority, nor does any appear to exist, to support its claim that solely because the arbitration clause refers to an “ appeal ” to the arbitrators, that the arbitration is limited in scope to a review of a previously held proceeding. Even recourse to the dictionary affords respondent no assistance in this respect. The parties herein agreed to arbitrate the question of the existence of grounds for claimant’s expulsion from the respondent association. Whether the arbitration is deemed to be pending, based upon the preliminary arguments held (see Matter of lino Shipbuilding $ Eng. Co., 6 A D 2d 159, affd. without opn. 5 N Y 2d 987), or not yet instituted (see Matter of Vogel [Simon], 13 A D 2d 725), no basis exists for this court to advise the arbitrators as to the proper procedure to be followed by them, or the scope of their jurisdiction in this respect. Arbitrators are not bound by the traditional rules of evidence (Matter of Spectrum Fabrics Corp. [Main St. Fashions], 285 App. Div. 710, affd, 309 N. Y. 709). There appears *265 to be no substantial difference, in impact, from disregard of such rules and the arbitrators’ review of the evidence herein de novo, even if it might be considered improper. Accordingly, the motion must be and is hereby denied.